Case 2:19-cv-00041   Document 12   Filed on 07/18/19 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 18, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN JIMENEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-41 |
| | § | |
| THE STATE OF TEXAS, THE 347TH | § | |
| DISTRICT COURT, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, John Henry Jimenez (BOP Reg. No. # 57882-379), is a federal prisoner incarcerated at the Federal Correctional Institute in El Reno, Oklahoma ("FCI El Reno"). (D.E. 1). Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. § 2241 on January 18, 2019,[1] seeking the dismissal of state charges in Nueces County, Texas and the removal of a detainer under the Interstate Agreement on Retainers Act ("IADA"). (D.E. 1); *see* 18 U.S.C. App. 2.

---

[1] The petition was signed on January 18, 2019 and received by the Court on January 28, 2019. *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.").

Additionally, while Petitioner styled his application as a motion and not a § 2241 petition, the Court construes it as a § 2241 petition because Petitioner is attacking pending charges while in custody. *Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998) ("Pretrial petitions are properly brought under § 2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'") (citation omitted).

On May 6, 2019, Respondent filed a Motion to Dismiss. (D.E. 11). As discussed more fully below, it is recommended that Respondent's Motion to Dismiss be **GRANTED** and Petitioner's action for habeas corpus relief be **DISMISSED** as moot.

**I.     JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2241. A habeas action challenging a detainer may be filed in the state in which the detainer was issued even if the prisoner is in custody in another state. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *see also Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000). Jurisdiction and venue are proper in this Court because the challenged detainer was issued in Nueces County, Texas, which is within the Corpus Christi Division of the Southern District of Texas. (D.E. 1 and D.E. 11-2, Pages 2, 17); *Braden*, *410 U.S. 484*; 28 U.S.C. § 124(b)(6).

**II.    BACKGROUND**

On January 15, 2014, Petitioner pleaded guilty in this Court to one count of being a felon in possession of a firearm and received a sentence of 77 months incarceration. (D.E. 11-2, Page 2-3); *United States v. Jiminez*, No. 2:13-cr-983 (S.D. Tex. Apr. 11, 2014). It is undisputed that while Petitioner was serving this sentence and incarcerated in Oklahoma, Nueces County officials lodged a detainer with FCI El Reno based on the pending state charges arising from the same facts resulting in his federal conviction. (D.E. 11-2, Pages 2, 9-11). Specifically, Petitioner was indicted in the state court on three counts of possession with intent to deliver controlled substances and one count of unlawful possession of a controlled substance in *State v. John Jiminez*, No. 15003725

(347th Dist. Ct., Nueces County, Tex. Jan. 23, 2019). (D.E. 11-2, Pages 9-11). Petitioner later filed the required paperwork under the IADA with Nueces County officials in 2016 to request the speedy disposition of his case. (D.E. 1-1, Page 3).

Over two years later, on January 18, 2019, Petitioner filed this petition seeking dismissal of his pending state charges and the withdrawal of the detainer to prevent interference with his release and participation in federal programs upon completion of his sentence. (D.E. 1). On January 23, 2019, the 347th District Court of Nueces County dismissed the pending state charges as required by the IADA, and the challenged detainer was subsequently withdrawn on or before April 30, 2019. (D.E. 11-2, Pages 13, 15, 17). Respondent then filed the pending Motion to Dismiss asserting that Petitioner's habeas application is moot. (D.E. 11).

### III.   LAW AND ANALYSIS

The IADA is a congressionally sanctioned interstate agreement establishing "uniform procedures for lodging and executing a detainer." *Alabama v. Bozeman*, 533 U.S. 148 (2001). Forty-eight states, including the jurisdictions at issue in this case, participate in the agreement to "provide for the speedy disposition of charges filed in one jurisdiction against prisoners who are serving sentences in another jurisdiction." *Birdwell v. Skeen*, 983 F.2d 1332 (5th Cir. 1993); Tex. Code Crim. Proc. Ann. art. 51.14; Okla. Stat. Ann. tit. 22, §§ 1345-1349. Under the IADA, a prisoner can demand a speedy, final disposition of any "untried indictment…on the basis of which a detainer has been lodged against the prisoner." *Carchman v. Nash*, 473 U.S. 716, 720-21 (1985); 18 U.S.C. app. 2 § 2, art. III(a). Once the prisoner notifies the prosecuting officer and appropriate court of

his request in writing, the AIDA establishes a 180-day period for a final disposition to be made. *Carchman*, 473 U.S. at 721. Upon the expiration of this period, any untried indictment for which a detainer has been lodged is to be dismissed by the appropriate court with prejudice and the detainer ceases to be of any force or effect. *Id.*

In this case, even if Petitioner did notify the appropriate prosecuting officer and court of his request, the Court does not need to assess the merits of Petitioner's claim because the relief sought has already been obtained. Article III of the United States Constitution requires the existence of a case or controversy for a federal court to review any claim, including habeas corpus applications. *Spencer v. Kemna*, 523 U.S. 1 (1998); *see also Salgado v. Fed. Bureau of Prisons*, 220 Fed. Appx. 256 (5th Cir. 2007) (explaining a § 2241 claim is moot when the requested relief cannot be granted) (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)); *Chadman v. Fowler*, No. 4:17-cv-703-O, 2018 WL 4051868 (N.D. Tex. August 24, 2018) (dismissing a § 2241 claim as moot because a petitioner attacking charges pending at the time of filing had subsequently been convicted). It is not enough that a case or controversy exists at the date of the initial filing—the controversy must continue throughout the existence of the case to maintain Article III standing. *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018); *see also Alvarez v. Smith*, 558 U.S. 87, 92 (2009); *K.P. v. LeBlanc*, 729 F.3d 427, 438 (5th Cir. 2013). Here, the only relief sought by Petitioner was obtained when his state charges in Nueces County were dismissed with prejudice on January 23, 2019 and the challenged retainer was removed from the FCI El Reno system on or before April 30,

2019. Therefore, Petitioner's filing no longer presents an Article III case or controversy and is moot.

## IV.     RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion to Dismiss be **GRANTED** and Petitioner's application for habeas corpus relief be **DISMISSED** as moot.

Respectfully submitted this 18th day of July, 2019.

_____<br>
Jason B. Libby<br>
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).